IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LATASHA LOPER,** on behalf of minor C.D., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-2182 |
| **HOWARD COUNTY PUBLIC SCHOOL SYSTEM** and **ELLICOTT CITY DEPARTMENT OF EDUCATION,** | * * | |
| Defendants. | * * | |

| | | |
|---|---|---|
| **LATASHA LOPER,** on behalf of minor C.D., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-2184 |
| **HOWARD COUNTY PUBLIC SCHOOL SYSTEM,** | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

On June 12, 2020, Plaintiff Latasha Loper ("Loper" or "Plaintiff") brought two suits on behalf of her son, C.D., in the Circuit Court for Howard County, Maryland. Plaintiff Loper filed suit against Defendants Ellicott City Department of Education ("ECDE") and Howard

1

County Public School System ("HCPSS") (collectively "Defendants"). *See* Case No. C-13-CV-20-000474. Plaintiff Loper also filed suit solely against Defendant HCPSS. *See* Case No. C-13-CV-20-000473. On July 28, 2020, Defendants in both suits filed a Notice of Removal, removing the cases to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (RDB-20-2182, ECF No. 1; RDB-20-2184, ECF No. 1.) Loper's *pro se* Complaints in each case appear to allege discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; a denial of a Free Appropriate Education ("FAPE") in violation of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; conspiracy against rights in violation of 18 U.S.C. § 241; as well as other violations of federal and Maryland law. (RDB-20-2182, ECF No. 5; RDB-20-2184, ECF No. 5)

On August 3, 2020, Defendants ECDE and HCPSS filed a Motion for More Definite Statement (RDB-20-2182, ECF No. 10), contending that Loper's Complaint is so difficult to decipher that the Defendants cannot reasonably prepare a response. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the same reasons provided in the Memorandum Order by this Court in Loper's other pending suit (RDB-20-2184, ECF No. 12), the Defendants' Motion (RDB-20-2182, ECF No. 10) is GRANTED.

Additionally, Rule 42 of the Federal Rules of Civil Procedure allows the court in its discretion to consolidate actions which involve "common question[s] of law or fact." Fed. R. Civ. Pro. 42(a)(2). Policies of judicial economy generally favor the consolidation of related actions. *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (holding that

"substantial overlap" between two related cases required consolidation in "the interests of justice."). Absent a clear abuse of discretion, a court will not be overruled on appeal for granting a motion to consolidate cases. *See, e.g.*, *North Carolina Nat. Gas Corp. v. Seaboard Sur. Corp.*, 284 F.2d 164, 167 (4th Cir.1960) (acknowledging that "consolidation is within the sound discretion of the [trial] court . . . ."). This Court finds that consolidation of Plaintiff Loper's two pending lawsuits is proper.

Accordingly, it is HEREBY ORDERED this 24th Day of February, 2021:

1. Defendants' Motion for More Definite Statement (ECF No. 10) is GRANTED;

2. The following actions are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes:

    a. *Loper v. Howard County Public School System and Ellicott City Department of Education*, RDB-20-2182 (D. Md.);

    b. *Loper v. Howard County Public School System*, RDB-20-2184 (D. Md.);

    c. Case No. RDB-20-2182 is designated as the lead case. All future filings for the two above-captioned actions shall be made in the lead case.

3. The Clerk of this Court shall transmit copies of this Memorandum Order to the parties and counsel of record currently listed in the cases RDB-20-2182 and 20-2184.

_____/s/_____
Richard D. Bennett
United States District Judge